IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

       Plaintiff,                            No. CIV S-06-2755 FCD EFB P

    vs.

COUNTY OF SACRAMENTO, et al.,      <u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

       Defendants.

_____/

     Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On November 29, 2007, the court found that plaintiff's December 6, 2006, complaint failed to state a claim upon which relief could be granted and recommended dismissal of this action. Plaintiff did not file objections but instead filed a first amended complaint on December 5, 2007. Plaintiff has requested a second and third request for an extension of time to file objections to the November 29, 2007 findings and recommendations. *See* Fed. R. Civ. P. 6(b). Good cause appearing, the court will vacate the findings and recommendations and screen plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. Consequently, plaintiff's second and third requests for extensions of time in which to file objections are denied as unnecessary.

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court has screened plaintiff's first amended complaint and finds that it also fails to state a claim upon which relief may be granted, for the same reasons set forth in the November 29, 2007 findings and recommendations. Those reasons are again discussed below.

Plaintiff claims that the named defendants, who include the County, District Attorney, and Sheriff of Sacramento, allowed for the destruction of evidence in a criminal case from which he has been denied habeas relief. Even assuming that plaintiff has stated a claim against some of the defendants, or that the court would have jurisdiction to review what is, in part, a legal

malpractice claim (and it does not, *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981)), plaintiff's current action is premature. *In Heck v. Humphrey*, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

*Heck*, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. *Id.*; *See also Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1981) (dismissing ineffective assistance claims based on *Heck*).

Plaintiff's conviction has not been invalidated, expunged or reversed. In his first amended complaint, plaintiff references a petition and an amended petition for writ of habeas corpus filed in Sacramento Superior Court, which were both denied for lack of evidence in support of plaintiff's claims. Accordingly, this action is barred by *Heck*. Because it is clear that plaintiff cannot cure this pleading defect, this action must be dismissed.[1]

---

[1] Even if diversity jurisdiction existed, a state claim for legal malpractice also depends upon plaintiff being exonerated of the underlying criminal action. *Cascia v. McKenna & Guneo*, 25 Cal.4th 1194 (2001).

1    Accordingly, it is hereby ORDERED that:

2    1.  The November 29, 2007, findings and recommendations are vacated; and

3    2.  Plaintiff's January 14, 2008, and February 21, 2008, requests for extensions of time in which to file objections to the findings and recommendations are denied as unnecessary.

Further, for the foregoing reasons, it is RECOMMENDED that plaintiff's first amended complaint be dismissed, without further leave to amend, for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 29, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4